Dear Mr. Ratcliff:
You have requested an Attorney General's opinion pertinent to a recent public records request directed the Livingston Parish Council (the "Council"). Specifically, the documentation at issue involves evaluations conducted by volunteer engineers on a 5-year capital improvement program financed with a sales tax passed by the residents of Livingston Parish.
The evaluations at issue have been released by the Council pursuant to this request. However, you state that the engineers' work papers and other pertinent notes to the evaluation are not in the possession of the Council. You add that the engineers were not paid by the Council with respect to the evaluations. The issues raised are:
 (1) Are these work papers and notes created in connection with the evaluation study public records?
 (2) If these documents are public records, how can the Council produce these documents pursuant to the public records request?
A public record is defined by LSA-R.S. 44:1(A)(2) as follows:
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt of payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law.
If the engineers are acting pursuant to the directions of the Council, the engineers may qualify as an instrumentality of the Council for the purposes of the Public Records Act. LSA-R.S.44:1(A)(1) defines a "public body" as, "any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity toperform a governmental or proprietary function." (Emphasis added.)
The preamble to Livingston Parish Resolution No. 97-163 reads:
 A Resolution authorizing Alvin Fairburn and Associates and Alex Theriot and Associates to conduct, at no cost, a study of roads within the Parish of Livingston in preparation of a one percent (1%) Sales and Use Tax issue dedicated solely to constructing, improving and maintaining roads and bridges and related road drainage throughout the parish.
The Council explicitly authorized these parties to conduct the study/evaluation at issue. The fact that no funding was exchanged does not change the fact that the Council delegated a duty to be performed by these engineers on behalf of Livingston Parish. Therefore, it is the opinion of our office that documents created as a result of this delegated duty, including the evaluation and any related documentation, are public records subject to review pursuant to the Public Records Act.
However, as indicated by the second issue, the Council does not have the work papers or notes in its possession. If it is the Parish Council to whom the public records request is made and the Council does not have the requested public record in its possession, the Council cannot produce what it does not have. Instead, LSA-R.S. 44:34 mandates:
 If any public record applied for by any authorized person is not in the custody or control of the person to whom the application is made, such person shall promptly certify this in writing to the applicant, and shall in the certificate state in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control. He shall include in the certificate ample detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter.
This statute gives you guidance in responding to the request for public documents not in your possession or control. It then becomes incumbent on the person in possession of these documents to satisfy the request once contacted by the requester.
I trust this addresses your concerns. Please contact us should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
ASSISTANT ATTORNEY GENERAL
RPI:CMF, III/mjb